REQUESTED BY: Senator Mark R. Christensen
Nebraska State Legislature
You have asked for this office's opinion on several questions dealing with the authority of cities and villages to require the registration of handguns owned or possessed by individuals who have permits to carry concealed handguns under the Concealed Handgun Permit Act. Essentially all of your questions come down to the issue of whether or not, under Neb. Rev. Stat. § 18-1703 (Supp. 2009), a city may require a permitholder under the act to register his or her handgun in order to own, possess or transport it in that city. You note particularly that the issue has arisen in the city of Omaha which has a municipal code provision requiring that all "concealable firearms" be registered with the chief of police before they may be owned or possessed within the city.
We will first provide some historical background for the present issue and then address the specific questions you ask. *Page 2 
 Background
The Concealed Handgun Permit Act was passed by the Legislature during its session in 2006 and went into effect on January 1, 2007. The act, as subsequently amended, is codified at Neb. Rev. Stat. §§ 69-2427 through69-2448 (2009). While the act rather clearly states that a permit issued under that act allowing the permitholder to carry a concealed handgun "is valid throughout the state" and that a "permitholder may carry a concealed handgun anywhere in Nebraska" except for certain specified locations and in certain specified situations, §§ 69-2436 and 69-2441
(1)(a), the Legislature did not amend or repeal other statutory provisions which gave all incorporated cities and villages the authority to ban the carrying of concealed weapons within their boundaries. Thus, a disagreement soon arose over the question of whether cities and villages could continue to ban the carrying of concealed weapons within their boundaries even by permitholders under the act,
In Op. Att'y Gen. No. 09001 (Jan. 18, 2009), we dealt with this issue and opined that, at least as to permitholders under the Concealed Handgun Permit Act, the act preempted the authority of cities and villages to ban the carrying of concealed handguns. Accordingly, it was our view that cities and villages could continue to ban the carrying of concealed weapons, except that they could not do so in connection with concealed handguns carried by individuals who had permits to do so under the act.
Subsequently, to make its intent in this regard clear, the Legislature enacted LB 430 during its session in 2009. That bill specifically amended the statutes giving cities and villages the authority to prohibit the carrying of concealed weapons to except from that authority "the carrying of a concealed handgun in compliance with the Concealed Handgun Permit Act." Neb. Rev. Stat. §§ 14-102(6), 15-255, 16-227 and 17-556 (Supp. 2009). In short, these amendments make clear that cities and villages may not prohibit or impose punishment for the carrying of a concealed handgun by a permitholder.
In addition to amending the statutes that allow cities and villages to ban the carrying of concealed weapons so as to make clear that any such bans cannot be applied to permitholders under the Concealed Handgun Permit Act, LB 430 also contained a provision which was clearly designed to remove any authority cities and villages might otherwise have to regulate the ownership or possession of concealed handguns by permitholders under the act. Section 5 of LB 430, now codified at Neb. Rev. Stat. § 18-1703 (Supp. 2009), reads as follows: *Page 3 
 Cities and villages shall not have the power to regulate the ownership, possession, or transportation of a concealed handgun, as such ownership, possession, or transportation is authorized under the Concealed Handgun Permit Act, except as expressly provided by state law. Any existing city or village ordinance, permit, or regulation regulating the ownership, possession, or transportation of a concealed handgun, as such ownership, possession, or transportation is authorized under the act, is declared to be null and void as against any permitholder possessing a valid permit under the act.
It is in this context that you ask your series of questions, which we will discuss and respond to below.
 Discussion of Specific Questions
Question 1
Your first question is: "Does a city ordinance requiring registration of handguns fall under the category of ownership or possession as used in Neb. Rev. Stat. § 18-1703 (Supp. 2009)?"
Like all statutes, the language of § 18-1703 is to be given its plain and ordinary meaning. There is no need for statutory "interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous." State ex rel. Amanda M. v. Justin T., 279 Neb. 273, 278,777 N.W. 2d 565, 569 (2010).
Giving § 18-1703 its plain and ordinary meaning, it appears to us that the answer to your first question is "yes." If a city ordinance requires registration of handguns in order to own or possess them within the city's boundaries or other areas over which it may have authority, then § 18-1703 would come into play. It seems clear that requiring registration in order to own or possess a handgun would constitute "regulation" of such ownership or possession. In other words, such an ordinance would directly place an additional burden or regulation on the ownership or possession of a handgun. And any such additional municipal "regulation" of the ownership or possession of handguns by permitholders under the act is plainly barred by the language of § 18-1703.
Of course, a city ordinance regarding registration that does notcompel the registration of handguns in order to own or possess them within the city would not conflict with § 18-1703. Likewise, a city firearm registration ordinance that specifically exempts permitholders under the Concealed Handgun Permit Act from any registration requirement in order to own or possess handguns within the city would also not be prohibited by that statute. *Page 4 
Question 2
Your second question is: "Does Neb. Rev. Stat. § 18-1703 (Supp. 2009) prohibit the City of Omaha from enforcing Sec. 20-251 through Sec. 20-258 of the Municipal Code of the City of Omaha, requiring the registration of all handguns (concealable firearms), against a Nebraska Concealed Handgun Permit holder?"
Section 20-251 (a) of the Omaha Municipal Code states:
 It shall be unlawful for any person to own, have possession of, or maintain control over any concealable firearm which has not been registered to said person with the chief of police in accordance with this division [Division 2], except when such possession or control is with the knowledge and express consent of the person in whose name such concealable firearm is registered.
In § 20-191 of the Omaha Municipal Code the term "concealable firearm" is defined as being a "firearm having a barrel less than 18 inches in length." Sections 20-253, 20-254 and 20-257 of the code give the chief of police authority to deny registration permits in certain circumstances and to revoke registration permits that have been issued. There appears to be nothing in Division 2 or elsewhere in the code that exempts permitholders under the Concealed Handgun Permit Act from the registration requirements of § 20-251(a).
As discussed above in connection with Question 1, a city ordinance such as Omaha's § 20-251 (a) which requires registration of a handgun before it may be owned or possessed within the city and which does not exempt permitholders under the Concealed Handgun Permit Act from such requirement is in conflict with § 18-1703 since it regulates the ownership and possession of handguns by permitholders above and beyond the regulations imposed on them by the act. Accordingly, in our opinion, under § 18-1703
Omaha's handgun registration requirement is null and void to the extent it purports to impose such requirement on permitholders under the Concealed Handgun Permit Act.
Question 3
Your third question reads as follows: "Does Neb. Rev. Stat. § 18-1703
(Supp. 2009) prohibit the enforcement of Sec. 20-251 through Sec. 20-258 of the Municipal Code of the City of Omaha on a concealed handgun permit permitholder who purchases a handgun in the jurisdiction of the City of Omaha?" *Page 5 
We are not certain what the genesis of this particular inquiry is or what particular concern you have. We can, of course, envision a situation in which an individual residing in, for example, Imperial could travel to and purchase a handgun in Omaha; and, for as long as that individual remained within Omaha he or she would own and have possession of that handgun in that city. Nonetheless, it is unclear to us that the firearm registration provisions of the Omaha Municipal Code would even apply to such an individual.
Even if such provisions of the Omaha Municipal Code would apply, however, it seems to us that our response to Question 2 above would control that situation. In other words, if the individual purchasing a handgun in Omaha is a permitholder under the Concealed Handgun Permit Act, then he or she would not be subject to the registration requirement.
Question 4
Your fourth question actually contains two different inquiries. The first of these two inquiries is: "If the City of Omaha cannot enforce Sec. 20-251 through 20-258 of the Municipal Code of the City of Omaha on a Nebraska concealed handgun permitholder because of Neb. Rev. Stat. §18-1703 (Supp. 2009), does this apply to all concealed handgun permit holders, no matter in what city or village in Nebraska they reside?"
We are not certain what the word "this" contained in the second clause of your question is supposed to refer to. If "this" refers to the specific conclusion that Omaha cannot enforce its registration requirement against a permitholder under the Concealed Handgun Permit Act, then, obviously, Omaha cannot enforce its registration requirement against a permitholder no matter where he or she resides. On the other hand, if "this" refers to some general conclusion that city or village handgun registration requirements are unenforceable against permitholders, the answer to your question would depend to some degree on the particular language of any such city or village ordinance. Our response to Question 1 above sets forth what we believe the guiding principles to be in this regard.
The second of your inquiries under Question 4 is: "How does this apply to concealed carry permit holders from states which Nebraska recognizes pursuant to Neb. Rev. Stat. § 69-2448 (Supp. 2009)?"
Again, we are not certain what the "this" in this question refers to. Nonetheless, suffice it to say that the same rules as discussed above would apply to concealed carry permitholders from other states who fall within the parameters of § 69-2448. *Page 6 
Section 69-2448 states in pertinent part:
 A valid license or permit to carry a concealed handgun issued by any other state or the District of Columbia shall be recognized as valid in this state under the Concealed Handgun Permit Act if (1) the holder of the license or permit is not a resident of Nebraska and (2) the Attorney General has determined that the standards for issuance of such license or permit by such state or the District of Columbia are equal to or greater than the standards imposed by the act.
This section, therefore, makes clear that so long as the individual holding the permit or license from another state is not a resident of Nebraska and the state which issued the permit or license has standards for such issuance that are at least as strict as Nebraska's (as determined by the Attorney General), then such permitholder has all the rights and duties that are given to Nebraska permitholders under the act. The provisions of § 18-1703 would apply equally in instances involving permitholders whose permits or licenses to carry concealed handguns were issued by another state, so long as the requirements of §69-2448 have been met.
Question 5
Your fifth question reads as follows: "If the City of Omaha does have the authority to enforce Sec. 20-251 through Sec. 20-258 of the Municipal Code of the City of Omaha in whole or in part against concealed handgun permit holders, does LB 1033 (2010) amending Neb. Rev. Stat. § 18-1703
(Supp. 2009) prohibit such enforcement of the ordinance?"
LB 1033, which was offered by you during the 2010 session of the Legislature, would amend § 18-1703 to add "registration" to the list of things a city or village could not regulate as against permitholders under the Concealed Handgun Permit Act. The "Introducer's Statement of Intent" for LB 1033 indicates that the bill is being offered to eliminate confusion over the interpretation of § 18-1703 and to make clear the intent of that section to prohibit registration requirements, as well as other city and village ordinances that impact *Page 7 
on the ownership, possession or transportation of concealed handguns by permitholders. LB 1033, therefore, would clarify that Omaha's registration requirements could not be enforced against a permitholder.[1]
While, as discussed above, it is our view that under § 18-1703 as it currently exists Omaha does not have the authority to enforce its registration requirements as against permitholders under the Concealed Handgun Permit Act, we also recognize that city officials and/or the Nebraska courts might disagree with our conclusion. Moreover, it never hurts to spell out legislative intent as clearly and precisely as possible in the language of the statute itself. Therefore, enactment of your proposed LB 1033, with the possible changes we have suggested in footnote 1, would be helpful in ensuring that § 18-1703 is interpreted as prohibiting cities and villages from requiring permitholders under the act to register their handguns.
 Conclusion
It is our opinion that any city or village ordinance requiring the registration of a handgun in order to own or possess the handgun in that city or village and not exempting from the registration requirement permitholders under the Concealed Handgun Permit Act is prohibited by §18-1703 and is null and void as it may be applied against any such permitholder. Since Omaha's requirement that all "concealable firearms" be registered, as established by sections 20-251 through 20-258 of the Omaha Municipal Code, does mandate such registration in order to own or possess a "concealable firearm" in that city and contains no exception to that requirement for permitholders under the act, we believe Omaha's registration requirement runs afoul of § 18-1703 as it may be applied against any such permitholders. *Page 8 
Enactment of pending LB 1033, with changes along the lines of those suggested in footnote 1, would confirm our opinion and make clear to city officials and the courts the Legislature's intent that, under § 18-1703, cities and villages may not compel permitholders under the Concealed Handgun Permit Act to register their handguns in order to own, possess or transport them within a city's or village's boundaries.
Sincerely yours,
JON BRUNING Attorney General
Charles E. Lowe Assistant Attorney General
Approved by:
___________________________ Attorney General
[1] We note that LB 1033, as drafted, could still leave some confusion because, based on the grammar and syntax, it would state that cities and villages "shall not have the power to regulate . . . registration of concealed handguns." We are not certain what "regulating registration" would entail or how such a construct would be interpreted. Therefore, we believe the intent would be better stated if the first sentence of the bill were changed to read as follows: "Cities and villages shall not have the power to regulate the ownership, possession, or transportation of a concealed handgun, as such ownership, possession, or transportation is authorized under the Concealed Handgun Permit Act, except as expressly provided by state law, and shall not have the power to require registration of a concealed handgun owned, possessed or transported by a permitholder under the Concealed Handgun Permit Act." A similar conforming change could be made to the second sentence of the bill. *Page 1